J-S42020-17

2017 PA Super 307

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LOUIS M. IZURIETA | |
| Appellant | No. 1283 MDA 2016 |

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003965-2014

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

OPINION BY MOULTON, J.:                    **FILED SEPTEMBER 27, 2017**

Louis M. Izurieta appeals from the June 30, 2016 judgment of sentence entered in the York County Court of Common Pleas following his jury trial convictions for aggravated indecent assault (without consent), aggravated indecent assault (complainant less than 16 years of age), indecent assault (without consent), indecent assault (complainant less than 16 years of age), and corruption of minors.[1]  We affirm.

The well-reasoned opinion of the Honorable Harry M. Ness sets forth the factual and procedural history underlying this appeal, which we adopt

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 3125(a)(8), 3126(a)(1), 3126 (a)(8), and 6301(a)(1), respectively.

and incorporate herein. ***See*** Opinion in Support of Order Pursuant to Pa.R.A.P. 1925(a), 12/14/16, at 1-11 ("1925(a) Op.").

Izurieta raises two issues on appeal:

1. The jury verdict was against the greater weight of the evidence presented at trial so as to shock one's sense of justice on the following grounds: the Commonwealth's evidence was contradictory within itself; the Commonwealth's evidence, specifically the victim's testimony, was inconsistent with other Commonwealth evidence presented and the victim gave different accounts as to what happened; the evidence was so unreliable and/or contradictory as to make the verdict based upon conjecture and surmise; there was no DNA evidence linking [Izurieta] to the offense; the victim's testimony as to force or acts without her consent was not substantiated since there was no evidence of injury to her person, which contradicted the victim's testimony as to injuries sustained, nor was there any evidence presented of injuries to [Izurieta]; the victim's behavior, attending a high school wrestling match after the alleged incident, was contradictory to her version of events; while the victim alleged past incidents of abuse, in the intervening years she stayed alone with [Izurieta] and never requested her mother or others not to leave her alone with [Izurieta]; text messages presented at trial by and between [Izurieta] and the victim contradicted the victim's claims of abuse by [Izurieta] and which is inconsistent with someone who had been a victim of sexual assaults.

2. The evidence at trial was insufficient to support the verdict on the . . . grounds [asserted above in the weight challenge].

Izurieta's Br. at 4.

For ease of disposition, we address Izurieta's claims in reverse order. This Court's standard for reviewing sufficiency of the evidence claims is as follows:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

Izurieta argues that the victim's testimony was internally inconsistent and contradicted other Commonwealth evidence. Further, Izurieta contends that there was neither DNA evidence nor evidence as to force or lack of consent, and that the victim's actions after the alleged assaults belie her testimony.

A person may be convicted of aggravated indecent assault if:

[that] person . . . engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygenic or law enforcement procedures . . . [and]:

(1) the person does so without the complainant's consent; [or]

. . .

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3125(a).

A person may be convicted of indecent assault if

the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent; [or]

. . .

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3126.

Corruption of minors is defined as:

Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of

> an offense under Chapter 31 commits a felony of the third
> degree.

18 Pa.C.S. § 6301(a)(1)(ii).

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to support Izurieta's convictions. Both Izurieta and the victim testified that Izurieta penetrated the victim's vagina with his penis on May 30, 2014. N.T., 5/13/15, at 86-97; N.T., 5/14/15, at 275. Further, the victim testified that she pushed Izurieta away and told him, "I can't do this anymore." N.T., 5/13/15, at 87. In a state of shock, she then ran upstairs to her room, locked the door, text messaged her friend Alex, and called her mother. *Id.* at 85-87, 89. Under these circumstances, the Commonwealth presented sufficient evidence to convict Izurieta of aggravated indecent assault without consent and indecent assault without consent. ***See Commonwealth v. Velez***, 51 A.3d 260, 266 (Pa.Super. 2012) (concluding that nine-year-old victim's testimony that "[a]ppellant's acts were bad, did not feel right, and that she was afraid and angry at [a]ppellant" were sufficient to establish victim's lack of consent). Moreover, because Izurieta committed a sexual offense against the minor victim and the victim testified that Izurieta told her that she looked "pretty" and that "she want[ed] this," N.T., 5/13/15, at 81, 83, we also conclude that the Commonwealth presented sufficient evidence to convict Izurieta of corruption of minors.

Further, the victim testified that in the spring of 2012, Izurieta had penetrated her vagina with his fingers. *Id.* at 101. Because the victim was

under the age of 16 at the time of this contact, **see id.** at 72, the Commonwealth presented sufficient evidence to convict Izurieta of aggravated indecent assault and indecent assault where the complainant is less than 16 years of age. **See Commonwealth v. McDonough**, 96 A.3d 1067, 1069 (Pa.Super. 2014) ("The uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant.").

We also reject Izurieta's claim that the Commonwealth's failure to present DNA evidence or evidence of injury rendered the evidence insufficient. The Commonwealth presented sufficient evidence of penetration without the use of DNA evidence, and Izurieta's convictions did not require the Commonwealth to show that he used force in assaulting the victim.

Izurieta also argues that the verdicts were against the weight of the evidence. Izurieta's arguments regarding weight mirror his sufficiency complaints, specifically that the victim's testimony was inconsistent, the Commonwealth's evidence was devoid of DNA evidence or evidence of injury, and the victim's conduct after the alleged assaults in 2011 and 2012 belie her testimony.

Preliminarily, we must address a procedural issue Izurieta has raised. The Honorable Thomas H. Kelley presided over Izurieta's jury trial but left the bench before sentencing Izurieta. The Honorable Harry M. Ness presided over the sentencing proceedings. Judge Ness not only sentenced Izurieta

but also denied Izurieta's post-sentence motion, which included a weight of the evidence challenge.

Izurieta argues that Judge Ness should not have reviewed his weight of the evidence claim, as a "weight of the evidence claim is reserved exclusively for the . . . judge who presided over the trial" because a court cannot review a weight of the evidence claim based on a "cold" record. Izurieta's Br. at 23. Relying on dissenting opinions in both this Court and our Supreme Court in *Armbruster v. Horowitz*, 744 A.2d 285 (Pa.Super. 1999), *aff'd*, 813 A.2d 698 (Pa. 2002), Izurieta argues that this Court should vacate his conviction and remand for a new trial because the judge who presided at his trial is unavailable to review his weight of the evidence claim. We disagree.

Our Supreme Court has expressly rejected the remedy Izurieta seeks, noting that

> a rule automatically requiring the grant of new trial for any properly preserved weight claim [where the actual trial judge is unavailable to rule upon the claim] . . . would be extremely disruptive to the integrity of verdicts and to the judicial process . . . [and would] reverse[] the presumption that credibility is for the fact-finder, make[] the extraordinary the ordinary, and wrongly intrude[] upon the jury function.

*Armbruster v. Horowitz*, 813 A.2d 698, 704 (Pa. 2002). Therefore, Izurieta is not automatically entitled to a new trial, and his weight of the evidence claim must be reviewed.

In **Armbruster**, this Court reviewed the weight of the evidence claim in the first instance, as no other trial court judge had ruled on the post-trial motion. **Id.** at 700. Here, in contrast, Judge Ness reviewed Izurieta's claim in the first instance and determined that the jury's verdict was not against the weight of the evidence. Because we have a lower court judge's opinion as to the weight of the evidence, we must determine the appropriate standard of review to apply to that opinion.

Where the presiding trial judge has ruled on a weight of the evidence claim, we apply a discretionary standard of review because "[a]n appellate court, by its nature stands on a different plane than that of a trial court. Whereas a trial court's decision to grant or deny a new trial is aided by an on-the-scene evaluation of the evidence, an appellate court's review rests solely upon the cold record." **Id.** at 703 (quotation omitted). However, where the actual trial judge has not ruled on a weight of the evidence claim, a successor, trial-level judge and an appellate tribunal stand in the "same position . . . in ruling on the claim; both would be confined to the 'cold record' of the trial proceedings in conducting their review." **Id.** at 704 n.5. In other words, the successor judge's opinion should not be afforded the level of discretion given to a judge who presided at the trial in question. The successor judge, in this case Judge Ness, did not have the opportunity to observe the trial proceedings and he is therefore in no different position, in terms of the "cold" record, than is this Court. This is the position our Supreme Court took in **Armbruster** in reviewing this Court's analysis of a

weight claim in the first instance. *Id.* at 705 ("Since the Superior Court was in no better position than this Court to review the claim in the first instance, our review is plenary."). Accordingly, we conclude that under the current circumstances, an appellate court's scope of review should be plenary. Our role, therefore, is to review the entire record and determine whether the successor judge correctly determined that the jury's verdict was not against the weight of the evidence.

Courts apply the following standard to weight of the evidence challenges:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (internal citations and quotations omitted).

In *Armbruster*, our Supreme addressed the appropriate standard when the court considering the motion must rely only on a cold record, noting that such courts should do so

- 9 -

> with an eye to the delicate balance that exists between the jury's exclusive role in assessing credibility, and our longstanding recognition of the power in courts to allow justice another opportunity to prevail when a verdict nevertheless shocks the judicial conscience.

813 A.2d at 705.

In supporting of his weight of the evidence claim, Izurieta primarily argues that the victim was not credible and testified inconsistently. However, "the determination of the credibility of a witness is within the exclusive province of the jury." *Commonwealth v. Crawford*, 718 A.2d 768, 772 (Pa. 1998). It was within the jury's purview to consider the victim's testimony in light of her continued contact with Izurieta between assaults, and the jury's verdict indicates that it found the victim credible. Further, the victim testified consistently about the 2012 and 2014 assaults. That the victim remained in contact with Izurieta between the assaults does not render her testimony about the assaults incredible. As noted above, Izurieta admitted penetrating the victim in the 2014 incident, the victim testified that Izurieta digitally penetrated her in 2012, and the victim testified that she was fearful, did not want this contact, and isolated herself from Izurieta after the 2014 assault. In addition, the jury's deadlock on five of the charges, which notably included allegations of forcible compulsion, indicates that the jury appropriately weighed and considered the evidence. We therefore conclude that Judge Ness correctly determined that the jury's verdict was not against the weight of evidence.

Judgment of sentence affirmed.

- 10 -

President Judge Emeritus Ford Elliott joins the opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2017