J-S73035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVIN THOMAS COOPER, | : | |
| | : | |
| Appellant | : | No. 238 MDA 2017 |

Appeal from the Judgment of Sentence December 20, 2016
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001377-2016

BEFORE:    OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED JANUARY 11, 2018**

Devin Thomas Cooper (Appellant) appeals from his judgment of sentence imposed following his conviction for the summary offense of disorderly conduct.  We affirm.

The trial court summarized the facts as follows.

> On March 4, 2016, Corrections Officer Theodore Keppley [(CO Keppley)] responded to a disturbance within the F Block of the Cumberland County Prison.  He called for a lockdown as he entered the block.  Following the prison's lockdown protocol, all inmates within the F block were told to "lockdown" *via* the loudspeaker.  The inmates were to wait by their cells for permission to enter before being secured within their cells.  CO Keppley then proceeded to assess the situation.  Upon entering the block, he determined that [Appellant] and another inmate had been in an altercation.  As per the prison's protocol for inmate altercations, both inmates were deemed an immediate security risk.  CO Keppley instructed [Appellant] and the other inmate to place their hands behind their backs and [cuff up (a common order at the prison)] so that they could be processed through the medical department.  Despite multiple orders to

*Retired Senior Judge assigned to the Superior Court.

[cuff up], [Appellant] refused to comply. In fact, he turned around on the officer and began to yell and argue. Perceiving [Appellant's] behavior as a threat, CO Keppley put his cuffs away and, with the assistance of another corrections officer, placed [Appellant] against the wall. Once [Appellant] was restrained against the wall, CO Keppley was able to cuff his right hand. However, [Appellant] continued to resist their attempts to cuff his left hand. The officers were required to use substantial force to make him comply. …

Trial Court Opinion, 4/28/2017, at 1-2 (footnotes omitted).

As a result of this incident, the Commonwealth charged Appellant with resisting arrest, disorderly conduct, and two counts of harassment.[1] Appellant was tried in jury and bench trials held on the same day. The jury failed to reach a unanimous verdict on the resisting arrest charge, resulting in a mistrial. The trial court found Appellant to be not guilty of harassment, but guilty of disorderly conduct.

On December 20, 2016, the trial court sentenced Appellant to the statutory maximum of 45 to 90 days of imprisonment and ordered the sentence to run consecutive to any other sentence with which Appellant was currently serving. Appellant timely filed a post-sentence motion, which was denied by the trial court without a hearing. Appellant timely filed a notice of appeal, and the trial court and Appellant complied with Pa.R.A.P. 1925. The matter is now ripe for our disposition.

---

[1] The Commonwealth also filed aggravated assault and simple assault charges, but withdrew them before trial.

On appeal, Appellant presents three issues, which we re-order for ease of disposition:

[1.] Did the trial court err in finding [Appellant] guilty of disorderly conduct where the evidence was insufficient to prove beyond a reasonable doubt that [Appellant] created a hazardous condition?

[2.] Did the trial court err when it rendered a verdict contrary to the weight of the evidence presented where [Appellant] was unable to turn over his left hand because his hand was pinned in between the wall and his body due to the correctional officer pushing forward on his body?

[3.] Did the trial court abuse its discretion by imposing a sentence[,] which was manifestly excessive, unreasonable, and an abuse of discretion, as the trial court had no basis for imposing a maximum sentence and setting the terms of incarceration to run consecutive to any other sentence?

Appellant's Brief at 6 (unnecessary capitalization omitted).

We turn first to Appellant's challenge to the sufficiency of the evidence. Our standard of review in challenges to sufficiency of the evidence is to determine

whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: … creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4).

Appellant first argues that the Commonwealth failed to prove beyond a reasonable doubt that he recklessly created a risk of public inconvenience, annoyance, or alarm to the correction officers or the inmates on the F Block. Appellant's Brief at 22. He contends that all of the inmates had already returned to their cells, and therefore, he could not have recklessly created a risk towards them. *Id.* at 23. Appellant next argues that his behavior did not create a hazardous or physically offensive condition. *Id.* Despite raising his voice towards the corrections officers, Appellant believes that he was not a threat to the officers' safety. *Id.* at 22-24. Appellant stresses that he simply raised his hand in a questioning gesture and sought out the officers to receive medical assistance. *Id.*

The trial court offered the following analysis:

Prisons naturally hold dangers for inmates and corrections officers alike. It is of the utmost importance for prison staff to maintain order to ensure safety within the prison environment. These goals are achieved through the development and employment of strict protocols. Video evidence and officer testimony established that [Appellant's] refusal to allow the

officers to cuff him during the lockdown created a hazardous condition[,] which served no legitimate purpose. Order could not be restored, nor could safety be ensured, until [Appellant] was subdued. He was told multiple times to comply with the reasonable and necessary commands of the officers. His conduct recklessly posed a risk to the safety of the officers involved, as well as to everyone within F Block. Inherent in the act of attempting to impede a corrections officer from carrying out his or her official duties is the risk of creating a condition hazardous or physically offensive in nature. ***See Commonwealth v. Love***, 896 A.2d 1276, 1286 (Pa. Super. 2006). Accordingly, we find sufficient evidence to convict [Appellant] of summary disorderly conduct under § 5503(a)(4).

Trial Court Opinion, 4/28/2017, at 3.

We agree with the trial court. Even if the other inmates were in their cells, Appellant's behavior clearly created a risk of public inconvenience, annoyance, or alarm to the corrections officers. The corrections officers had responded to a tense situation and were attempting to restore order to the prison after an altercation. CO Keppley testified that he gave Appellant at least ten commands to "cuff up," which Appellant ignored. N.T., 10/26/2016, at 35. As CO Keppley attempted to place the handcuffs on Appellant, Appellant escalated the situation by raising his voice and turning towards CO Keppley, who had to act quickly to put the handcuffs away, lest Appellant try to use them as a weapon. *Id.* at 35-36.

Appellant's claim that he did not create a hazardous condition is unsupported by the record and contrary to the evidence admitted at trial when viewed in the light most favorable to the Commonwealth as the verdict winner. As noted *supra*, Appellant refused multiple commands to cuff up.

- 5 -

The video of the encounter shows CO Keppley approach Appellant and speak to him as he attempted to handcuff Appellant, when Appellant suddenly turned around and raised his hands in the air. Commonwealth Exhibit 2. There is no indication in the record that Appellant refused to be handcuffed because he needed medical assistance;[2] instead, Appellant "kept telling [CO Keppley] he was not at fault" and wanted to "plead his case." N.T., 10/26/2016, at 34-35, 70. Thus, by impeding the officers from carrying out their duties in a tense situation, refusing to be handcuffed, and ignoring multiple commands, Appellant created a hazardous condition that served no legitimate purpose.

Appellant also argues the verdict is against the weight of the evidence. We observe the following standard in challenges to the weight of the evidence.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

_____

[2] CO Keppley explained that prison protocol required those in an altercation to be placed in handcuffs immediately and then escorted for medical observation and further investigation. N.T., 10/26/2016, at 34.

*Commonwealth v. Izurieta*, 171 A.3d 803, 809 (Pa. Super. 2017) (citation omitted).

Appellant argues that because the other inmates were secured in their cells or waiting near the door of their cells, he could not have posed a risk to the inmates. Appellant's Brief at 25. This argument, however, is really a challenge to the sufficiency of the evidence, which we disposed of *supra*. Appellant also criticizes the trial court's failure to acknowledge Appellant's inability to give the officers his left arm because he was pinned against the wall. *Id.* at 26. CO Keppley, however, testified that Appellant "kept [his left hand] pinned against his chest and the wall, and he would not comply with the order of putting his hand behind his back." N.T., 10/26/2016, at 37. Furthermore, even if Appellant is correct that he was unable to give the officers his left arm because of the officers' actions, Appellant's argument ignores his repeated refusals to be handcuffed prior to the officers' restraining him against the wall. Thus, we discern no abuse of discretion by the trial court's denial of Appellant's challenge to the weight of the evidence.

Regarding his challenge to the discretionary aspects of his sentence, Appellant contends that the trial court imposed the maximum term of incarceration and ordered the sentence to run consecutive to the sentence he was already serving because the trial court desired to punish him for resisting arrest, even though he was not convicted of resisting arrest due to

the mistrial. Appellant's Brief at 17-18. Appellant also believes his sentence is excessive because he did not pose a threat to the community and did not cause serious bodily injury. *Id.* at 18. Appellant baldly argues the trial court imposed the sentence solely for punitive, as opposed to rehabilitative, reasons. *Id.* at 18-19.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test.

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Instantly, Appellant has satisfied the first requirement by timely filing a notice of appeal. To satisfy the second requirement, we point out that "[o]bjections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Id*. Appellant did file a post-sentence motion challenging his sentence. However, because the discretionary-aspects claims Appellant presents on appeal are not identical to the one he presented in his post-sentence motion, before considering whether

Appellant's issues raise a substantial question, we must determine if Appellant's claims are properly preserved for our review. In so doing, we observe that

> challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek … to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted).

In his post-sentence motion, Appellant asked the court to reconsider imposing a consecutive sentence because it will act as a detainer and prohibit him from obtaining sexual offender evaluations and treatment programs he will need to complete prior to his release from incarceration on his current sentence. Post-Sentence Motion, 12/30/2016, at 2. Appellant did not challenge the maximum nature of his sentence or contend that his consecutive sentence was excessive or imposed solely for punitive reasons. In other words, he did not include any of the discretionary-aspects claims he now seeks to litigate on appeal within in his motion. Nor did he raise them at the sentencing hearing. Therefore, the challenges to the discretionary

aspects of Appellant's sentence raised herein are waived. ***Rush***, 959 A.2d at 949.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018