J-S33010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DARDEN | : | |
| | : | |
| Appellant | : | No. 454 EDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002495-2015

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED JULY 26, 2018**

Matthew Darden appeals from the judgment of sentence imposed January 12, 2017, in the Philadelphia County Court of Common Pleas.  The trial court sentenced Darden to an aggregate term of 38 to 76 years' imprisonment following his jury conviction of, *inter alia*, involuntary deviate sexual intercourse ("IDSI") and aggravated indecent assault,[1] for the sexual assault of his 12-year-old stepdaughter.  On appeal, he challenges the sufficiency of the evidence supporting the jury's determination that the victim was less than 13 years old at the time of the assault.  For the reasons below, we affirm.

The trial court summarized the evidence presented at trial as follows:

_____

* Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3123(b) and 3125(b), respectively.

The complaining witness, H.M., testified that she had been sexually violated by [Darden, her stepfather,] twice while she was only twelve years old. H.M.'s date of birth is April [], 1998.

The complainant testified that [Darden] told her to tell him if she had ever had sex. Therefore, on March 20, 2011, H.M. told [Darden] that she had had sex with a boy, after which [Darden] digitally penetrated her vagina with his finger. Furthermore, H.M. had been told by [Darden] "not to tell my mom because it would break [her] heart."

The complainant testified that the next physical contact happened when she was twelve years old as well. H.M. testified that [Darden] told her to lay down on the bed so he could perform the "root" ritual on her because she was "obsessed" over the boy she had had sex with. Complainant testified that the ritual was [Darden] performing oral sex on her.

Testimony from H.M.'s brother states that when H.M. was fourteen, she told her brother about the past sexual abuse. Furthermore, H.M.'s father, [C.M.], testified that complainant went to live with him in Georgia right after the time of the sexual abuse, which he testified was when she was thirteen. H.M. testified that she left shortly after the abuse and stayed with her father in Georgia for a year.

Finally, Loukisha Ford, a school counselor, testified that in January 2015, H.M. told her that she had been sexually abused by [Darden] "a few years prior." On cross examination, Ms. Ford testified that it was "two or three years ago."

Trial Court Opinion, 7/11/2017, at 3-4 (record citations omitted).

Darden was subsequently arrested and charged with IDSI (victim less than 13 years old), aggravated indecent assault (victim less than 13 years old), indecent assault (victim less than 13 years old), unlawful contact with a

minor, endangering the welfare of a child, and corruption of minors.[2]  The case proceeded to a jury trial, and on September 1, 2015, the jury found Darden guilty of all charges, with the exception of indecent assault.  On January 12, 2017, the trial court sentenced Darden to an aggregate term of 38 to 76 years' imprisonment.[3]  Although still represented by counsel, Darden filed a *pro se* notice of appeal on January 17, 2017.[4]

Subsequently, Darden sent the trial court a letter criticizing counsel's representation and seeking new counsel.  Counsel responded by filing a motion to withdraw on March 17, 2017, which the trial court denied on March 31, 2017.  Thereafter, Darden filed in this Court a motion to proceed *pro se* or with new counsel on appeal.  By order dated June 5, 2017, this Court

---

[2] **See** 18 Pa.C.S. §§ 3123(b), 3125(b), 3126(a)(7), 6318(a)(1), 4304(a)(1), and 6301(a)(1), respectively.  We note Darden was also charged with rape of a child (18 Pa.C.S. § 3121(c)) and sexual assault (18 Pa.C.S. § 3124.1), however, those charges were dismissed by the Commonwealth prior to trial.

[3] Specifically, the court imposed the following sentences on each count, and ordered them to run consecutively:  IDSI, 16 to 32 years' imprisonment; aggravated indecent assault, eight to 16 years' imprisonment; unlawful contact, 10 to 20 years' imprisonment; endangering the welfare of a minor, two to four years' imprisonment, and corruption of minors, two to four years' imprisonment.

[4] On January 30, 2017, the trial court ordered Darden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Darden complied with the court's directive, and filed a concise statement on February 20, 2017.

remanded the case to the trial court for a **Grazier**[5] hearing. However, on September 11, 2017, Darden sent this Court a letter, *pro se*, withdrawing his request for a **Grazier** hearing. Accordingly, on January 16, 2018, this Court entered an order vacating its June 5, 2017, order.

The sole issue on appeal is a challenge to the sufficiency of the evidence supporting the jury's determination that the victim was less than 13 years of age when the sexual abuse occurred for the charges of IDSI and aggravated indecent assault. **See** Darden's Brief at 14.

When considering a sufficiency of the evidence challenged, we are guided by the following:

> There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden "by means of wholly circumstantial evidence." Further, we note that the entire trial record is evaluated and all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence.

**Commonwealth v. Diaz**, 152 A.3d 1040, 1043–1044 (Pa. Super. 2016), *appeal denied*, 169 A.3d 544 (Pa. 2017). Moreover, it is axiomatic that "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." **Commonwealth v. McDonough**,

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

96 A.3d 1067, 1069 (Pa. Super. 2014), *appeal denied*, 108 A.3d 34 (Pa. 2015).

Here, Darden was convicted of both IDSI and aggravated indecent assault under the subsections that apply to victims under the age of 13 years old. **See** 18 Pa.C.S. §§ 3123(b), and 3125(b). His sole contention on appeal is "the evidence did not prove that [Darden] did anything to [the victim] before H.M. turned 13 years old." Darden's Brief at 17. In support, Darden emphasizes the following: (1) H.M. did not report the abuse until 2015, when she told social worker Loukisha Ford; (2) Ford testified H.M. told her the abuse occurred two to three years earlier, which would have been when H.M. was 13 years old;[6] and (3) H.M's brother provided a written statement in which he claimed H.M. told him the abuse occurred when she was 13 years old. **See id.** Moreover, although Darden acknowledges a social worker testified H.M. reported the abuse occurred when she was 12 years old, the social worker also conceded H.M. did not provide a specific date or year. **See id.** at 17-18. Accordingly, Darden insists "[t]hese conflicts in the evidence and testimony clearly show that there was reasonable doubt as to whether something happened before or after H.M. turned 13." **Id.** at 18.

_____

[6] H.M. turned 13 years old on April 29, 2011.

However, the trial court determined the evidence was sufficient to support the jury's finding that H.M. was less than 13 years old when the sexual abuse occurred. Relying on well-established case law that the testimony of a sexual assault victim, alone, is sufficient to support a conviction,[7] the court recounted that H.M. testified the incident when Darden inserted his finger in her vagina occurred on March 20, 2011, and the second incident, when he performed oral sex on her as part of a "roots" ritual, also occurred "a few days later." Trial Court Opinion, 7/11/2017, at 7. Therefore, H.M. would have been under the age of 13 at the time of both incidents.

The record supports the trial court's findings. H.M. testified the first incident occurred on March 20, 2011, when she was still 12 years old. **See** N.T., 8/30/2016, at 77. She recalled the specific date because it was also the date she "first had sex." **Id.** H.M. later testified that the second incident, the "roots" ritual, also occurred when she was 12 years old. **See id.** at 84. **See also id.** at 98 (H.M. testified the "roots" ritual happened "like the beginning of April" before she turned 13 on April 29th). Moreover, social worker, Rodney Nicholas, testified H.M. also told him the sexual abuse occurred when she was 12 years old. **See id.** at 47, 57-59. Although the testimony of some of the other witnesses was not as specific, any conflict in testimony regarding the

---

[7] **See** Trial Court Opinion, 7/11/2017, at 5-6, *citing* **Commonwealth v. Trimble**, 615 A.2d 48 (Pa. Super. 1992) and **Commonwealth v. Charlton**, 902 A.2d 554 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006).

date of the abuse was for the jury to resolve. **See Commonwealth v. Izurieta**, 171 A.3d 803, 807 (Pa. Super. 2017) (victim's uncorroborated testimony that sexual abuse occurred in the spring of 2012 when she was under the age of 16, sufficient to support conviction of indecent assault of victim less than 16 years of age). Accordingly, Darden is entitled to no relief.[8]

Judgment of sentence affirmed.

Judge McLaughlin joins this decision.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18

---

[8] Darden's claim on appeal more appropriately challenges the weight of the evidence supporting the verdict. However, because Darden failed to challenge the weight of the evidence before sentencing or in a post-sentence motion, any claim on appeal is waived. **See** Pa.R.Crim.P. 607. Counsel indicates in a footnote that he intended to file a post-sentence motion raising a weight claim, but was precluded from doing so when Darden filed a *pro se* notice of appeal only five days after sentencing. **See** Darden's Brief at 18 n.3. Counsel does not explain why he failed to withdraw the appeal, and request to file a post-sentence motion *nunc pro tunc*. Nevertheless, at this juncture, Darden may seek relief in a post-conviction collateral proceeding.