J-S27032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAD EDWARD PETROS | : | |
| | : | |
| Appellant | : | No. 1573 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 2, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000394-2016

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED MAY 24, 2019**

Appellant, Chad Edward Petros, appeals from the aggregate judgment of sentence of five days to six months of confinement, which was imposed after his conviction at a bench trial for driving under the influence ("DUI") of alcohol or controlled substance (second offense) and operation of vehicle without official certificate of inspection.[1]  We affirm.

The facts underlying this appeal are as follows.  "On September 17, 2016, at approximately 9:15 p.m., a Hyundai Santa Fe was observed to be parked perpendicular to [the r]oad."  Trial Court Opinion, 12/14/2018, at 3.  "[T]he headlights were on, . . . the vehicle was running, . . . the keys were in the ignition, . . . the back and front wheels were off of the roadway, and

---

[1] 75 Pa.C.S. §§ 3802(a)(1) and 4703(a), respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

the back wheels were in a ditch parallel to the roadway." *Id.* at 4. Appellant "was located . . . very near the running vehicle" and "had a key in his pocket" for the Hyundai Santa Fe, "in addition to the key located in the ignition of the vehicle." *Id.* at 3-4. "Directly across the street from the vehicle was the residence of an off-duty Pennsylvania State Police Officer. [Appellant]'s hands were zip-tied by the off-duty Officer and [Appellant] was detained and restrained with zip-ties to await the arrival of on-duty Pennsylvania State Police Officers." *Id.* at 3. "No other individual was located in the area[.]" *Id.* at 4.

On August 28, 2018, following a bench trial, "[t]he [trial c]ourt had no trouble determining that the motorist was highly intoxicated[,]" which Appellant "essentially conceded." *Id.* at 3.[2]

> On August 31, 2018, the [trial c]ourt issued its verdict. . . . On October 2, 2018, [Appellant] was sentenced to not less than 5 days nor more than 6 months in the Greene County Prison, and [Appellant] has remained free on bail pending appeal. A timely notice of appeal was filed on October 31, 2018.

*Id.* at 2.[3]

Appellant presents the following issue for our review:

---

[2] Appellant again concedes that he "was too intoxicated to drive safely" in his brief to this Court. Appellant's Brief at 17.

[3] Appellant filed his statement of errors complained of on appeal on November 26, 2018. The trial court entered its opinion on December 14, 2018.

Was the circumstantial evidence of the mere presence of the intoxicated owner of the car first observed thirty to fifty feet north of the opened passenger door of a vehicle enough proof beyond a reasonable doubt to convict of driving under the influence of alcohol?

Appellant's Brief at 10.[4]

This Court's standard for reviewing sufficiency of the evidence claims is as follows:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017)

(internal brackets omitted).

_____

[4] Appellant does not challenge the sufficiency of the evidence to support his conviction for operating a vehicle without valid inspection.

Appellant was convicted of DUI pursuant to subsection 3802(a)(1):

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

In **Commonwealth v. Williams**, 941 A.2d 14, 26 (Pa. Super. 2008) (*en banc*), an *en banc* panel of this Court considered a challenge similar to Appellant's claim that "the Commonwealth was unable to show [the a]ppellant had 'actual physical control' of the vehicle." This Court provided the following guidance:

The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances. . . . [A] combination of the following factors is required in determining whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence.

*Id.* at 27 (internal citations and some internal quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that Appellant's issue merits no relief. When "all reasonable inferences [are] drawn" from the evidence and when the evidence is "viewed in a light most favorable to the Commonwealth as verdict winner," **Izurieta**, 171 A.3d at 806, there was sufficient proof to support the fact that Appellant was "driv[ing], operat[ing] or . . . in actual physical control of the movement of

the vehicle[.]"    75 Pa.C.S. §3802(a).    As the trial court opinion comprehensively discusses:

> The facts indicated that the vehicle was located perpendicular to a roadway.  The [trial c]ourt determined that the headlights were on, that the vehicle was running, that the keys were in the ignition, that the back and front wheels were off of the roadway, and the back wheels were in a ditch parallel to the roadway. [Appellant] had a key in his pocket.  This key in his pocket was in addition to the key located in the ignition of the vehicle.  It was determined, by the [trial c]ourt, that the key in [Appellant]'s pocket was a key related to the Hyundai Santa Fe.  No other individual was located in the area nor was any testimony presented which caused the [trial c]ourt to hesitate in determining that [Appellant] was the driver of the vehicle and that he was under the influence to a degree which rendered him incapable of safe driving.
>
> The [trial c]ourt will acknowledge that there was no direct evidence of [Appellant]'s operation of the vehicle and the attorney for [Appellant] indicates that the mere presence at the scene is insufficient to convict.  The Commonwealth established more than mere presence.  The Commonwealth established that the vehicle was running, and that the running vehicle was "parked" with its back wheels in a ditch and perpendicular to the traveled roadway.  Further, the Commonwealth established that [Appellant] was present at the scene and no longer in his vehicle.  The Commonwealth proved that [Appellant] was highly intoxicated and that a key which fit the vehicle was in the pocket of [Appellant].

Trial Court Opinion, 12/14/2018, at 4-5.

Accordingly, all of the **Williams** factors were fulfilled:  (1) "the motor running"; (2) "the location of the vehicle" was "perpendicular to a roadway" with "the back and front wheels . . . off of the roadway"; and (3) "additional evidence showing that the defendant had driven the vehicle" included (a) Appellant's possession of a key to the automobile, and (b) the absence of

- 5 -

anyone else who could have been the driver. **Compare** Trial Court Opinion, 12/14/2018, at 4, **with Williams**, 941 A.2d at 27.

The circumstantial evidence enumerated by the trial court is sufficient to satisfy the Commonwealth's burden of proof, and it was the prerogative of the trial court as fact-finder to resolve any doubts about Appellant's guilt. **Williams**, 941 A.2d at 27; **Izurieta**, 171 A.3d at 806. We cannot and will not substitute our judgment for that of the trial court, as Appellant now requests we do.

Based on the foregoing, Appellant's DUI conviction was established beyond a reasonable doubt, and Appellant is not entitled to relief. **See Izurieta**, 171 A.3d at 806.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/24/2019