J. A21045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
v.  :
:
THEODORE THOMPSON,  :  No. 2623 EDA 2018
:
Appellant  :

Appeal from the Judgment of Sentence Entered August 17, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006649-2017

BEFORE:  LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 28, 2020**

Theodore Thompson appeals from the August 17, 2018 aggregate

judgment of sentence of 18 to 36 months' imprisonment, followed by 3 years'

probation, imposed after he was found guilty of risking catastrophe,

possessing instruments of crime ("PIC"), and recklessly endangering another

person ("REAP").[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> The incidents in this case took place on May 20[,]
> 2017 at around 1:00 pm.  Officer Brian Wolf testified
> at trial to the alleged facts.
>
> Officer Brian Wolf along with his partner, Officer
> Pat Haselbarth, were responding to a radio call for a
> person screaming at 5236 Castor Avenue, located in
> the City and County of Philadelphia.  Upon arrival to
> the location, a typical row home, the officers knocked

---

[1] 18 Pa.C.S.A. §§ 3302(b), 907(a), and 2705, respectively.

on the front door and were let in by an older son of Complainant. Upon entering, the officers became aware of multiple minor children in the home and a strong odor of gasoline. As the officers walked further into the home the odor of gasoline continued to strengthen and observed appellant and complainant smoking cigarettes while engaging in a verbal dispute. It was later clarified that both appellant and Complainant resided in the row home. Appellant then shoved Complainant into an officer in an effort to have her exit the home. Appellant was then restrained by being placed in handcuffs. At that point the officer inquired as to the odor of gasoline and appellant indicated he poured gasoline onto the master bed to have Complainant leave the home. Officer Wolf went upstairs to the master bedroom and observed a two-gallon gasoline container and the smell of the gasoline was at its strongest. Officer Wolf had everyone exit the home and called the fire department. Upon arrival, the fire marshal removed the gasoline container and tested it. The police officer observed the testing of the contents of the container. The contents of the container were poured onto the sidewalk and lit on fire to confirm it was in fact gasoline. After the fire marshal cleared the property for safety, the officers reentered the rowhome and found multiple cigarettes on a nightstand, in the master bedroom where the gasoline was poured on the bed.

Trial court opinion, 1/8/20, at 2-3 (extraneous capitalization and citations to notes of testimony omitted).

Appellant was subsequently arrested and charged with the aforementioned offenses in connection with this incident. On November 27, 2017, appellant filed an **omnibus** pre-trial motion to suppress the inculpatory statement he made to police. Following a hearing, the trial court denied appellant's suppression motion on February 16, 2018. That same day,

appellant waived his right to a jury and proceeded to a bench trial. At the conclusion of a one-day bench trial, the trial court found appellant guilty of one count each of risking catastrophe, PIC, and REAP. (**See** notes of testimony, 2/16/18 at 31.) As noted, appellant was sentenced to an aggregate term of 18 to 36 months' imprisonment, followed by 3 years' probation, on August 17, 2018. Appellant did not file any post-sentence motions. This timely appeal followed.[2, 3]

Appellant raises the following issues for our review:

1. Did not the trial court err in admitting the appellant's extra-judicial statement because the Commonwealth failed to establish the **corpus delicti** of the crime of risking catastrophe by a preponderance of the evidence?

2. Was not the evidence insufficient to convict appellant of risking catastrophe because the Commonwealth failed to prove that his conduct created a risk of a catastrophe?

---

[2] On October 16, 2018, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). Appellant timely complied and the trial court filed its Rule 1925(a) opinion on January 8, 2020.

[3] We note that on September 14, 2020, the Commonwealth filed a motion requesting a second extension of time to file its brief, which was accompanied by its brief. Thereafter, on September 16, 2020, appellant filed a motion to strike the Commonwealth's brief as untimely, or in the alternative, to accept his reply brief. In light of our disposition, we grant the Commonwealth's motion requesting a second extension of time to file a brief and accept its September 14, 2020 brief as timely filed. We deny appellant's motion to strike and accept his reply brief.

Appellant's brief at 4.[4]

We begin by addressing the claim that there was insufficient evidence to sustain his conviction for risking catastrophe. (*Id.* at 14.) Specifically, appellant avers that "[his] act of squirting gasoline on the bed, in order to get [complainant] to leave the house, without any proof that [appellant] thereafter intended to set fire to the bed, was insufficient to convict him of risking catastrophe." (*Id.* at 16). We disagree.

Our standard of review in assessing whether there was sufficient evidence to sustain a conviction is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

---

[4] For the ease of our discussion, we have elected to address appellant's claims in a different order than presented in his appellate brief.

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa.Super. 2017) (citations omitted).

The offense of risking catastrophe is set forth in Section 3302(b) of the Crimes Code, which provides, in relevant part, as follows:

> **(b)** **Risking catastrophe.--**A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section.

18 Pa.C.S.A. § 3302(b).

The risk proscribed by Section 3302 has been described as "the use of dangerous means by one who consciously disregards a substantial and unjustifiable risk and thereby unnecessarily exposes society to an extraordinary disaster." *Commonwealth v. McCoy*, 199 A.3d 411, 417 (Pa.Super. 2018) (citation omitted). "[A] person can be guilty of risking a catastrophe even where no catastrophe occurs[.]" *Commonwealth v. Karetny*, 880 A.2d 505, 522 (Pa. 2005).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was ample evidence from which the trial court, sitting as fact-finder, could conclude that appellant was guilty of the offense of risking catastrophe. The evidence at trial established that appellant poured gasoline on a bed located in a rowhome adjoining several other residences, and where multiple individuals were present and cigarettes were actively being smoked. Officer Wolf testified that upon his arrival at the scene,

he immediately recognized the the smell of gasoline emanating from the rowhome and that this smell intensified as he proceeded further into the residence. (Notes of testimony, 2/16/18 at 12-14.) Officer Wolf further testified that he observed appellant and his female companion inside the rowhome smoking cigarettes while engaged in a verbal argument, and that multiple individuals, including several minors, were present in the residence at this time. (*Id.*) This verbal dispute turned into a physical altercation when appellant pushed the female companion towards Officer Wolf. (*Id.* at 14.) Thereafter, appellant acknowledged to police that he had poured gasoline on his bed in an effort to convince his female companion to leave. (*Id.*) Officer Wolf also testified that during his subsequent investigation, he observed a two-gallon gasoline can and an ashtray full of cigarette butts in the master bedroom where the gasoline odor was the strongest. (*Id.* at 15, 17-18.) Based on the foregoing, we agree with the trial court that "[t]here is no question that putting gasoline on a master bed located in a row home is reckless and creates a substantial and unjustifiable risk[,]" which was "exacerbated by cigarettes being actively smoked[,]" sufficient to find appellant guilty of risking catastrophe. (Trial court opinion, 1/8/20 at 7.) Accordingly, appellant's sufficiency claim must fail.

We now turn to appellant's claim that the trial court erred in admitting his inculpatory statement that he poured gasoline on the bed because the Commonwealth failed to establish "the ***corpus delicti*** of the crime of risking

catastrophe by a preponderance of the evidence." (Appellant's brief at 9; **see also** notes of testimony, 2/16/18 at 14.) We disagree.

Our standard of review for a challenge to the **corpus delicti** rule is well settled.

> The **corpus delicti** rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The **corpus delicti** rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The **corpus delicti** is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone.

**Commonwealth v. Hernandez**, 39 A.3d 406, 410-411 (Pa.Super. 2012) (citation, internal quotation marks, and emphasis omitted), **appeal denied**, 63 A.3d 1244 (Pa. 2013).

Courts in this Commonwealth have recognized that Pennsylvania law requires courts to apply the **corpus delicti** rule in two distinct phases:

> In the first phase, the court determines whether the Commonwealth has proven the **corpus delicti** of the crimes charged by a preponderance of the evidence. If so, the confession of the defendant is admissible. In the second phase, the rule requires that the Commonwealth prove the **corpus delicti** to the factfinder's satisfaction beyond a reasonable doubt before the factfinder is permitted to consider the confession in assessing the defendant's innocence or guilt.

*Commonwealth v. Otterson*, 947 A.2d 1239, 1249 (Pa.Super. 2008) (citation omitted), *appeal denied*, 958 A.2d 1047 (Pa. 2008), *cert. denied*, 556 U.S. 1238 (2009).

Instantly, we discern no abuse of discretion on the part of the trial court in rejecting appellant's *corpus delicti* claim. The record establishes that the *corpus delicti* of the risking catastrophe charge was sufficiently proven by the Commonwealth prior to the admittance of appellant's inculpatory statement. Moreover, appellant's statement was clearly not the sole evidence the trial court, as fact-finder, considered in finding appellant guilty. As discussed, prior to the introduction of appellant's admission to Officer Wolf that he had poured gasoline on his bed, the trial court had already heard testimony from Officer Wolf that he immediately smelled a strong odor of gasoline emanating from appellant's rowhome upon his entry; that multiple individuals were present in the residence at this time; and that appellant and his female companion were smoking lit cigarettes while engaged in a verbal dispute that ultimately turned physical. Clearly, it was Officer Wolf's duty in such a situation to inquire as to the source of the gasoline smell for the safety and protection of all those involved. Accordingly, we conclude that the *corpus delicti* of risking catastrophe was sufficiently proven and the trial court did not abuse its discretion in admitting appellant's subsequent inculpatory statement into evidence.

For all the foregoing reasons, we affirm the August 17, 2018 judgment of sentence.

Judgment of sentence affirmed. Commonwealth's motion for second extension of time to file brief granted and its brief accepted as timely filed. Appellant's motion to strike denied and his reply brief accepted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/28/2020*