J-S05041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILBERT YOUNG | : | |
| | : | |
| Appellant | : | No. 1222 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 10, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008182-2018

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED:  JUNE 4, 2021**

Wilbert Young appeals from the judgment of sentence following his convictions for Attempted Rape, Indecent Assault, and Indecent Exposure.[1] He challenges the weight of the evidence. We affirm.

The trial court stated the facts giving rise to Young's convictions as follows:

> In October 2018, the victim,  . . . and her husband were living in the same apartment building as [Young]. One day, the victim went to [Young's] apartment to borrow a food item. [Young] greeted the victim at the door of his apartment, exposed his penis, and stated, "Oh, we're going to have sex tonight." He then pulled the victim into the bedroom of his apartment. With his penis still exposed, [Young] pushed the victim onto the bed and "started to kiss" her "all over" her face. He pinned the victim down onto the bed by placing his knees on the victim's lower body and

---

[1] 18 Pa.C.S.A. §§ 901(a), 3121(a), 3126, and 3127, respectively.

rubbed his hands all over from her shoulders down to her waist. The victim resisted by punching [Young] in the face multiple times. After the victim punched him five to ten times, [Young] moved off of her. The victim immediately left the apartment, and [Young] said, "Bitch, you crazy, get the fuck out of my apartment."

Three weeks later, because she was "so mad" and "so angry," the victim told her husband about what [Young] did to her. On October 25, 2018, the victim and her husband went to a police station and reported the incident.

[The victim's husband] testified that the victim told him about this incident. Upon learning what had occurred, [the victim's husband] went to [Young's] apartment. After Mr. Jones explained what his wife told him, [Young] did not deny the incident occurred but instead responded, "I was just playing with her."

Philadelphia Police Officer Denise Turner testified that, on October 25, 2018, when the victim and [her husband] arrived at the Sixth District's police station, [] she prepared an incident report. This police report, which was entered into evidence as C-5, corroborated the testimony of the victim.

Trial Court Op. ("TCO"), filed 11/10/20, at 1-2 (citations omitted).

The jury found Young guilty of the above offenses and the trial court sentenced him to an aggregate term of seven to 14 years' incarceration. Young filed a post-sentence motion that challenged the weight of the evidence. The motion was denied by operation of law and this timely appeal followed.

Young raises one issue:

Did the trial court abuse its discretion in denying [Young] a new trial where the verdict was against the weight of the evidence as the complainant's testimony was so tenuous, vague and uncertain, that the guilty verdict was manifestly unreasonable and shocks the conscience?

Young's Br. at 3 (answer of trial court omitted).

A weight claim is for the trial court in the first instance. *See Commonwealth v. Stiles*, 143 A.3d 968, 980 (Pa.Super. 2016). The trial court may sustain a weight challenge and grant a new trial only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). "The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (quoting *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999)). We review the trial court's rejection of a challenge to the weight of the evidence for an abuse of discretion. *Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017).

Young claims that the verdict was against the weight of the evidence because of the victim's "wildly differing accounts" of the crime. Young's Br. at 9. Young notes multiple inconsistencies between the victim's testimony at trial, her police statement, and her testimony at the preliminary hearing. Such alleged inconsistencies include the time when the assault occurred, the sequence of events leading up to the assault, where Young touched the victim during the assault, and whether Young struck the victim. *Id.* at 4, 5, 6. He also argues that the victim did not promptly report the assault and that the

victim's husband testified that he did not believe her when she initially told him what happened.

While the parties and the court agree that there were inconsistencies in the victim's testimony, the trial court and the Commonwealth assert that they were not significant. The trial court found that the inconsistences "were insignificant in light of the totality of [the victim's] testimony as well as its corroboration by other witnesses." TCO at 6. The court also noted that the uncorroborated testimony of a victim is sufficient to support a sexual assault conviction. *Id.* (citing *Commonwealth v. Izurieta*, 171 A.3d 803, 807 (Pa.Super. 2017)). It also pointed out that the jury as fact finder was free "to believe the testimony of the victim as well as to disregard any inconsistencies between the victim's statements to police and her testimony at trial." *Id.*

We conclude that the trial court did not abuse its discretion in denying Young's weight claim. The jury sitting as fact finder was free to believe all, part, or none of the victim's testimony, and reconcile any inconsistencies. The victim testified that she suffered from epilepsy, which sometimes caused her to forget. N.T., Trial, 7/19/19, at 16. Furthermore, as the trial court noted, there was corroboration by way of other witnesses, including the victim's husband. Although the victim's husband testified that he did not believe her when she first told him about the assault, he also testified that he believed her once he confronted Young. The evidence was not so tenuous, vague, and uncertain that the trial court's rejection of Young's weight challenge constituted an abuse of discretion. We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/4/21</u>