J-S79036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS RIVERA, | : | |
| | : | |
| Appellant | : | No. 854 MDA 2018 |

Appeal from the Judgment of Sentence January 10, 2018
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000743-2017

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 28, 2019**

Luis Rivera ("Rivera") appeals from the judgment of sentence[1] imposed following his convictions of indecent assault, endangering the welfare of children ("EWOC"), and corruption of minors.[2] We affirm.

Rivera's convictions stem from inappropriate sexual contact with a minor, T.R., which the jury found to have occurred at various points in time throughout 2015. On January 10, 2018, Rivera was sentenced to 3½ - 10 years in prison. On January 11, 2018, Rivera filed Consolidated Post Sentence Motions ("Motions"), alleging that the jury's verdicts were against the weight

---

[1] Rivera purports to appeal from the May 11, 2018 Order denying his Post-Sentence Motions. However, "a direct appeal in a criminal case can only lie from the judgment of sentence." *Commonwealth v. Lawrence*, 99 A.3d 116, 117 n.1 (Pa. Super. 2014).

[2] 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1), 6301(a)(1)(ii).

of the evidence and that the Commonwealth failed to put forth sufficient evidence to sustain the convictions.[3] The trial court denied Rivera's Motions on May 11, 2018. Thereafter, Rivera filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Rivera raises the following issues for our review:

> I.    Whether [Rivera's] [M]otion for acquittal should be granted because the Commonwealth failed to provide sufficient evidence at trial to prove beyond a reasonable doubt that [Rivera] did commit the charges of indecent assault, [EWOC], and corruption of minors?
>
> II.   Whether the jury's verdicts were against the weight of the evidence?

Brief for Appellant at 4 (unnecessary capitalization omitted).

In his first claim, Rivera contends that the Commonwealth failed to put forth sufficient evidence at trial to justify any of his three convictions. Brief for Appellant at 13-15. A review of Rivera's Brief reveals that his entire argument on this point, as to all three convictions, can be gleaned from the following excerpts:

> "The Commonwealth failed to present sufficient evidence at trial that Rivera is guilty of [the instant crime] as defined by the statute."
>
> ***
>
> "Rivera argues that he told both the detective and the jury [that] he did not commit the alleged acts."
>
> ***

---

[3] Rivera filed Amended Consolidated Post Sentence Motions on February 12, 2018.

"Rivera argues that he never violated his duty of care because he never touched [T.R.] in a sexual manner."

***

"Rivera argues that he never corrupted T.R. because he never touched her in a sexual manner."

*Id.* (unnecessary capitalization omitted).

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the [] verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the factfinder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014)

(quotations and citations omitted).

We first note that

[i]n order *to preserve a challenge* to the sufficiency of the evidence on appeal, *the appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime upon which the appellant alleges the evidence was insufficient*. … Such specificity is of particular importance in cases, where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Richard*, 150 A.3d 504, 518 (Pa. Super. 2016)

(quotations and citations omitted) (emphasis added). Our review of the

record indicates that Rivera's Concise Statement contained even less detail

than his Brief, merely stating that the evidence was insufficient. Consequently, Rivera's first claim is waived.

Even if Rivera's first claim were not waived as a result of an inadequate Pa.R.A.P. 1925(b) Concise Statement, he still would not be entitled to relief. In his Brief, Rivera failed to provide any substantive reason as to why the Commonwealth's evidence was insufficient to establish all elements of the crimes charged beyond a reasonable doubt. We decline Rivera's invitation to accept flat statements of his innocence as meritorious challenges to the jury's verdicts. "It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion." *Lechowicz v. Moser*, 164 A.3d 1271, 1276 (Pa. Super. 2017) (citing *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009); *see also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (stating that appellate briefs must develop arguments sufficient for review). Bald assertions of insufficient evidence, without more, will not warrant relief. *See Commonwealth v. Murchinson*, 899 A.2d 1159 (Pa. Super. 2006) (holding that the appellant's claim was waived on appeal where he failed to develop meaningful argument beyond citing boilerplate law and asserting that the evidence fell short of such law.) Accordingly, Rivera is not entitled to relief on this issue.

In his second claim, Rivera challenges the jury's assessment of certain testimony. In his Brief, Rivera maintains that

> the jury placed too great a weight on the testimony of the Commonwealth's witness. The jury improperly weighed the

- 4 -

emotional testimony of T.R. The jury heard several times that Rivera denied committing the allegations. They heard he told [the police] he did not violate T.R. Rivera testified in his own defense that he never committed the sexual offenses.

Brief for Appellant at 16.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court[.] Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***

Discretion is abused … where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will. … [A court palpably abuses it discretion where it invades the] exclusive domain of the jury.

**Commonwealth v. Clay**, 64 A.3d 1049, 1055-56 (Pa. 2013) (quotations and citations omitted). "[T]he determination of the credibility of a witness is within the exclusive province of the jury." **Commonwealth v. Izurieta**, 171 A.3d 803, 809 (Pa. Super. 2017).

Again, Rivera's argument focuses on the testimony presented at trial. Determining the credibility of witnesses is within the exclusive purview of the finder of fact. **See id.**, *supra*. It is not the role of the court to supplant the

jury's credibility determinations or to adjust the corresponding weight placed on various testimony. To do so would constitute an abuse of discretion.

In its Opinion, the trial court appropriately pointed out that the "jury is free to place whatever weight or emphasis it felt appropriate in light of all the testimony and evidence presented at trial." Trial Court Opinion, 5/11/2018, at 12. In addition, the trial court reflected on the authority of a jury to find guilt based on a victim's testimony alone.[4] *Id.* (referencing, *e.g.*, ***Commonwealth v. Gabrielson***, 536 A.2d 401 (Pa. Super. 1988). Ultimately, after acknowledging the existence of conflicting testimony, the trial court found that the

> jury was able to weigh all the information that [Rivera] mentioned in his [Motions] before rendering its verdict, and there [was] nothing to suggest that the jury ignored any relevant testimony and/or information in reaching its verdict. Further, based on all of the evidence presented at trial, … the decision rendered by the jury does not shock the court's sense of justice.

*Id.* at 12-13 (unnecessary capitalization omitted).

Our review of the record supports the trial court's findings and lends no basis upon which to find an abuse of discretion. The trial court properly applied the law and respected the domain of the jury. We find nothing in Rivera's Brief or the record that would warrant a conclusion that the trial court's determinations were the result of partiality, prejudice, bias or ill-will. Accordingly, Rivera is not entitled to relief.

---

[4] We note that the record indicates that the Commonwealth did not rely solely on T.R.'s testimony. *See* N.T., 11/1/2017, at 27-76.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/28/2019</u>