J-S55032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSUE MOLINA-TORRES :
:
Appellant : No. 455 WDA 2019

Appeal from the Judgment of Sentence Entered February 25, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001800-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 29, 2019**

Appellant, Josue Molina-Torres, appeals from the aggregate judgment
of sentence of 14 to 60 months of confinement, which was imposed after his
jury trial convictions for terroristic threats, possessing instruments of crime
("PIC"), simple assault ("SA"), and recklessly endangering another person
("REAP").[1]  We affirm Appellant's convictions, but we vacate his judgment of
sentence regarding his REAP conviction only.  In all other respects, we affirm
Appellant's judgment of sentence.

At trial, the jury heard testimony from the victim, Alyssa Hughes ("the
Victim"), who stated that she and Appellant had been arguing at her home

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2706(a)(1), 907(a), 2701(a)(3), and 2705, respectively.

when he grabbed a "big" knife from her kitchen and started "waiving it around[.]" N.T., 1/9/2019, at 26-29. She continued that, after she refused his demand that she enter her bedroom, he pointed the knife at her stomach. The Victim believed that Appellant was "high" throughout the incident, and she was afraid of him. *Id.* at 29-30. She testified that her two children, who were six years old and ten years old, were also in her home at this time, asleep in their bedroom, which is on the same floor as the kitchen. *Id.* at 30. She further testified that she could not call for help, because Appellant had taken her telephone. *Id.* at 31. The Victim also read her written statement to police out loud in court, in which she had stated: "Out of fear for my life and my children's[,] I complied." *Id.* at 37.

On January 10, 2019, the jury convicted Appellant of the aforementioned charges.[2] On February 25, 2019, the trial court sentenced Appellant to 14 to 60 months of confinement for terroristic threats, 14 to 60 months of confinement for PIC, 12 to 24 months for SA, and 12 to 24 months for REAP. N.T., 2/25/2019, at 14-15; Sentencing Order, 2/25/2019. All sentences are to be served concurrently to each other. N.T., 2/25/2019, at 14; Sentencing Order, 2/25/2019. The sentence for terroristic threats is to be served consecutively to Appellant's sentences at Docket Number CP-25-

---

[2] The jury acquitted Appellant of additional charges of kidnapping and unlawful restraint. *Id.* §§ 2901(a)(3) and 2902(a)(1), respectively.

CR-0000018-2012 and Docket Number CP-25-CR-0002226-2014.  Sentencing

Order, 2/25/2019.[3]    Appellant was also ordered to pay the costs of

prosecution, but no fines were imposed.  N.T., 2/25/2019, at 14; Sentencing

Order, 2/25/2019.  On March 25, 2019, Appellant filed this timely direct

appeal.[4]

Appellant presents the following issue for our review:

> Whether the Commonwealth failed to present sufficient evidence
> to find the Appellant guilty beyond a reasonable doubt of
> terroristic threats, [PIC], [SA], and [REAP]?

Appellant's Brief at 3.

This Court's standard for reviewing sufficiency of the evidence
claims is as follows:

> We must determine whether the evidence admitted at trial,
> and all reasonable inferences drawn therefrom, when
> viewed in a light most favorable to the Commonwealth as
> verdict winner, support the conviction beyond a reasonable
> doubt.  Where there is sufficient evidence to enable the trier

---

[3] Although the notes of testimony lists the latter docket number as "226 of 2014[,]" N.T., 2/25/2019, at 13, this docket number is unrelated to Appellant. Additionally, "[i]t is axiomatic that if there is a conflict between the sentence imposed in open court versus that contained in the trial court's written order, the sentence in the written sentencing order controls[,]" **Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa. Super. 2014); the sentencing order in the current matter lists "2226 of 2014" and is therefore controlling. Sentencing Order, 2/25/2019.

[4] On March 29, 2019, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order.  On April 10, 2019, Appellant filed a petition for extension of time to file a concise statement, which the trial court granted on April 15, 2019, extending the deadline for the concise statement to May 15, 2019.  Appellant filed his statement of errors complained of on appeal on May 14, 2019.  The trial court entered its opinion on June 6, 2019.

of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Rodriguez*, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa.Super. 2012)).

*Commonwealth v. Izurieta*, 171 A.3d 803, 806 (Pa. Super. 2017) (internal brackets omitted).

### Terroristic Threats

"A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(a)(1). Certain non-verbal gestures may constitute a communication under Section 2706. *Commonwealth v. Kline*, 201 A.3d 1288, 1291 (Pa. Super. 2019), *appeal denied*, No. 66 MAL 2019 (Pa. July 30, 2019).

Appellant contends that "the Commonwealth failed to present sufficient evidence that [he] directly or indirectly made threats of violence or intended to terrorize" the Victim. Appellant's Brief at 9.

Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, *see Izurieta*, 171 A.3d at 806, the evidence is clearly sufficient to establish that Appellant indirectly communicated a threat to commit a crime of violence with intent to terrorize the Victim. 18 Pa.C.S. § 2706(a)(1). The Victim's testimony was that Appellant seized a "big" knife, waived it around, and then pointed it at her stomach. N.T., 1/9/2019, at 26-29. These gestures communicated a threat of violence, with the implication that Appellant would harm the Victim with the knife if she did not comply with his demand that she go to her bedroom. The fact that Appellant did not speak a threat aloud does not preclude a finding that a communication was made. *See Kline*, 201 A.3d at 1291.

Additionally, the jury could reasonably infer that Appellant's gestures – made after he had taken away the Victim's telephone and, thereby, her ability to call for help – were done with the intent to terrorize the Victim, whose minor children were asleep on the same floor at the time Appellant was waiving and gesturing with the knife, in order to coerce her compliance with Appellant's demand that she go to her bedroom. *See Izurieta*, 171 A.3d at 806 ("all reasonable inferences"); N.T., 1/9/2019, at 26-31. Based on the foregoing, the evidence was sufficient to convict Appellant of terroristic threats.

## Possessing Instruments of Crime (PIC)

"A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally."  18 Pa.C.S. § 907(a).

Appellant argues that "the Commonwealth failed to establish that the possession of a knife by [him] on the night in question was in any way intended to be used in a criminal manner."  Appellant's Brief at 10.

Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, **see Izurieta**, 171 A.3d at 806, the evidence supports Appellant's conviction for PIC beyond a reasonable doubt. As discussed above, the jury could have reasonably inferred, **id.**, from the Victim's testimony that Appellant intended to use the knife to make a terroristic threat towards the Victim and to place her in fear of serious bodily injury in order to coerce and to control her.  N.T., 1/9/2019, at 26-29. Accordingly, the evidence was sufficient to establish Appellant's "intent to employ [the knife] criminally."  18 Pa.C.S. § 907(a).

## Simple Assault (SA)

"[A] person is guilty of assault if he . . . attempts by physical menace to put another in fear of imminent serious bodily injury[.]"  18 Pa.C.S. § 2701(a)(3).

Appellant urges this Court to find that "the Commonwealth failed to present sufficient evidence to show that [he] attempted to put [the Victim] in

fear of imminent serious bodily injury by doing some physical action that was menacing or frightening." Appellant's Brief at 11.

"Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003). For example, "[t]he act of pointing a gun at another person [can] constitute [SA] as an attempt by physical menace to put another in fear of imminent serious bodily injury." *Id.*

We conclude that the evidence presented in the current action was sufficient to allow the jury to find that Appellant intended to place the Victim in fear of serious bodily injury by grabbing a large knife and pointing it at her, N.T., 1/9/2019, at 26-29, analogous to how the act of pointing a firearm at another person can constitute SA as an attempt by physical menace to put another in fear of imminent serious bodily injury. *Reynolds*, 835 A.2d at 726. Appellant's intent can be inferred by the attendant circumstances, *id.* – *i.e.*, after the Victim refused to comply with his demand that she walk to her bedroom, he threatened her with the "big" knife in order to coerce her to comply with his demand. N.T., 1/9/2019, at 26-29. Furthermore, the evidence admitted at trial established that Appellant succeeded in placing the Victim in fear of serious bodily injury, as she stated that his actions with the knife caused her to fear for her life and for the lives of her children, who were six years old and ten years old at the time and were asleep on the same floor as the kitchen, where this incident occurred. *Id.* at 30, 37. Consequently,

the evidence admitted at trial and all reasonable inferences drawn therefrom supported Appellant's conviction for SA by physical menace beyond a reasonable doubt. *See Izurieta*, 171 A.3d at 806.

### Recklessly Endangering Another Person (REAP)

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

*Id.* § 302(b)(3).

Appellant maintains that "the Commonwealth failed to present sufficient evidence to prove that [he] consciously ignored an unjustifiable risk that what he was doing would cause another person to be seriously injured." Appellant's Brief at 12.

When viewed in a light most favorable to the Commonwealth as verdict winner, *Izurieta*, 171 A.3d at 806, the evidence established that Appellant, who was intoxicated, grabbed a "big" knife capable of inflicting death or serious bodily injury, waived it about, and pointed it at the Victim's stomach. N.T., 1/9/2019, at 26-29. These actions placed the Victim in danger of death or serious bodily injury and, ergo, supported Appellant's conviction for REAP

beyond a reasonable doubt.  Based on the foregoing, Appellant is not entitled to relief on any of his challenges to the sufficiency of the evidence to support his convictions.

**Legality of Sentence**

"[W]e note that legality of sentence issues may be reviewed *sua sponte* by this Court." ***Commonwealth v. Tanner***, 205 A.3d 388, 398 (Pa. Super. 2019) (citation and internal quotation marks omitted); ***see also Commonwealth v. McCamey***, 154 A.3d 352, 357 (Pa. Super. 2017) (citing ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013)) ("it is well settled that this Court may address the legality of a sentence *sua sponte*"). "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Seskey***, 170 A.3d 1105, 1107 (Pa. Super. 2017).

In the current case, Appellant received sentences for both SA and REAP. N.T., 2/25/2019, at 14-15; Sentencing Order, 2/25/2019.  Nevertheless, SA and REAP merge for sentencing purposes, and the sentencing court erred with regard thereto. ***Commonwealth v. Klein***, 795 A.2d 424, 430 (Pa. Super. 2002).  Nonetheless, we find it unnecessary to remand this case for resentencing on this basis.  Where a case requires a correction of sentence, this Court has the option of either remanding for resentencing or amending the sentence directly. ***Id.***  In ***Klein***, the same error occurred, where sentences were imposed for both SA and REAP, and those sentences ran

concurrently. *Id.* This Court explained that, since "the aggregate sentence [was] not changed by merging the sentences[,] . . . a remand [was] not necessary." *Id.*; *see also Commonwealth v. Martinez*, 153 A.3d 1025, 1033 (Pa. Super. 2016) ("We need not remand for re-sentencing, however, as we have not upset the sentencing scheme consisting entirely of concurrent sentences."). "Instead[,]" in *Klein*, this Court "vacate[d] the concurrent sentence for [REAP]." 795 A.2d at 430.

For the current appeal, Appellant's aggregate sentence will not change by merging the sentences for SA and REAP, since the trial court had imposed them concurrently. *See id.*; N.T., 2/25/2019, at 14-15; Sentencing Order, 2/25/2019. Hence, a remand is not necessary, as we have not upset the trial court's sentencing scheme. *See Klein*, 795 A.2d at 430; *Martinez*, 153 A.3d at 1033; N.T., 2/25/2019, at 14-15; Sentencing Order, 2/25/2019. Instead, we merely vacate the sentence for REAP. *See Klein*, 795 A.2d at 430.

\* \* \*

For all of the foregoing reasons, we affirm Appellant's convictions, but we vacate the judgment of sentence as for REAP. In all other respects, we affirm Appellant's judgment of sentence.

Convictions affirmed. Judgment of sentence for REAP vacated. All other judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/29/2019