J-S55035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BURT PARSONS | : | |
| | : | |
| Appellant | : | No. 559 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000658-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED NOVEMBER 4, 2019

Appellant, Burt Parsons, appeals from the judgment of sentence of 66 to 144 months of confinement after his jury trial convictions for aggravated indecent assault of a child, corruption of minors – defendant age of 18 years and upwards, indecent assault – complainant is less than 13 years of age, and endangering welfare of children ("EWOC") -- parent, guardian or other person commits offense.[1]  We affirm.

The facts underlying this appeal are as follows.  "The case was based on an investigation by Children and Youth Services[ ("CYS")].  [Appellant] is the great-uncle of [L.T. ("the Child")] and picked the [Child] up from the school

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(b), 6301(a)(1)(ii), 3126(a)(7), and 4304(a)(1), respectively.

bus on December 15, 2017. He took her to his apartment where the crimes are alleged to have occurred." Order, 4/4/2019, at 1. The Child "stated that [Appellant] put [two] fingers into her vagina during the assault. . . . The [C]hild was age [five] at the time of the crime. [Appellant]'s date of birth is 2/21/1962." Statement in Lieu of Opinion, 5/24/2019, at 2.

At trial, the Child, who was then six-years-old and in kindergarten, N.T. Trial at 34, testified that her "uncle . . . took his two fingers and he did something very bad to me." Id. at 35-36. Her testimony continued:

Q.     Where did he put his two fingers?
A.     In my donut.
Q.     What do you use your donut for?
A.     To go pee. . . .
Q.     Okay. And Burt did that?
A.     Yes, and he touched my privates.

Id. at 37.

A CYS caseworker testified that, after the initial report, she spoke with Appellant, who confirmed that he had babysat the Child twice, including that he had picked her up from the bus stop on the second occasion. Id. at 52.

The Child "was examined by Dr. Jennifer Clark on December 21, 2017." Order, 4/4/2019, at 1. Dr. Clark testified that, "in [the Child's] genital area

of her posterior [f]ourchette,[2] she had a laceration with no active bleeding at the time." N.T. Trial at 71; see also id. at 75 ("There was a single laceration to the [f]ourchette."). The laceration was "wider and deeper than . . . a scratch" and that what she "would expect from . . . self-inflicted scratching." Id. at 75. When asked if she could "estimate how old the laceration was[,]" Dr. Clark answered: "There was, it wasn't bleeding so it wasn't, you know, probably within the last 24 to 48 hours." Id.

Dr. Clark concluded that the Child "was a victim of child sexual abuse." Id. at 72. She rendered this opinion with "medical certainty[.]" Id. at 73.

After his aforementioned convictions and sentencing, on February 22, 2019, Appellant filed a post-sentence motion for a new trial challenging the weight of the evidence, which the trial court denied on April 3, 2019. On April 16, 2019, Appellant filed this timely direct appeal.[3]

Appellant's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and his appellate brief's statement of questions involved pursuant to Pa.R.A.P. 2116 were identical and presented the following issues for review:

_____

[2] Dr. Clark explained that the "posterior [f]ourchette is the area where the labia majora or the larger lips meets together at the bottom. So there is a perineal area between your front private area and your anus. . . [A]t the top of the perineal area towards your genital area is the posterior [f]ourchette." N.T. Trial at 71.

[3] The trial court entered a statement in lieu of opinion on May 24, 2019.

ISSUE NO. 1: Whether the evidence was legally and factually sufficient to prove that [Appellant] had committed an act to constitute the crime of aggravated indecent assault of a child.

ISSUE NO. 2: Whether the evidence was legally and factually sufficient to prove that [Appellant] had committed an act to constitute the crime of corruption of minors.

ISSUE NO. 3: Whether the evidence was legally and factually sufficient to prove that [Appellant] had indecent contact with the victim to constitute the crime of indecent assault.

ISSUE NO. 4: Whether the evidence was legally and factually sufficient to prove that [Appellant] had violated any duty of care to the victim to constitute [EWOC].

ISSUE NO. 5: Whether the trial court abused its discretion by denying the post sentence motions of [Appellant] when the jury's verdicts were against the weight of the evidence.

Concise Issues, 5/20/2019; Appellant's Brief at 4-5 (suggested answers and unnecessary capitalization omitted).

Preliminarily, we note that, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." In re J.G., 145 A.3d 1179, 1189 (Pa. Super. 2016) (citation omitted). Appellant has not specified the element or elements of either aggravated indecent assault of a child or corruption of minors upon which he alleges the evidence was insufficient in his Rule 1925(b) statement or even in his subsequent Rule 2116 statement. See J.G., 145 A.3d at 1189. "[A]n act" is not an element of either aggravated indecent

assault of a child[4] or corruption of minors.[5]  Concise Issues, 5/20/2019;

Appellant's Brief at 4.  Appellant has therefore failed to preserve his challenge

_____

[4] Appellant was convicted of aggravated indecent assault of a child pursuant to 18 Pa.C.S. § 3125(b):  "A person commits aggravated indecent assault of a child when the person violates [18 Pa.C.S. § 3125](a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age."  Section 3125(a)(1)-(6) states:

> Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:
>
> (1) the person does so without the complainant's consent;
>
> (2) the person does so by forcible compulsion;
>
> (3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
>
> (4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;
>
> (5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;
>
> (6) the complainant suffers from a mental disability which renders him or her incapable of consent[.]

Id. § 3125(a)(1)-(6).

to the sufficiency of the evidence for these two charges. See J.G., 145 A.3d at 1189.

Nevertheless, Appellant preserved his challenges to the sufficiency of the evidence to establish indecent assault[6] and EWOC,[7] because "indecent contact" and a "duty of care" are elements of these convictions, respectively. Concise Issues, 5/20/2019; Appellant's Brief at 4; see also J.G., 145 A.3d at 1189. Consequently, we will consider the merits of those claims.

> This Court's standard for reviewing sufficiency of the evidence claims is as follows:

_____

[5] Appellant was convicted of corruption of minors pursuant to 18 Pa.C.S. § 6301(a)(1)(ii):

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

[6] Appellant was convicted of indecent assault pursuant to 18 Pa.C.S. § 3126(a)(7):

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]

[7] Appellant was convicted of EWOC pursuant to 18 Pa.C.S. § 4304(a)(1): "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> Commonwealth v. Rodriguez, 141 A.3d 523, 525 (Pa.Super. 2016) (quoting Commonwealth v. Tarrach, 42 A.3d 342, 345 (Pa.Super. 2012)).

Commonwealth v. Izurieta, 171 A.3d 803, 806 (Pa. Super. 2017) (internal brackets omitted).

Appellant challenges the sufficiency of the evidence to establish indecent assault on the basis that "[t]he Commonwealth did not show that Appellant had 'indecent contact' with the victim. In fact, the Commonwealth did not show that Appellant had any contact at all with the victim." Appellant's Brief at 11.

18 Pa.C.S. § 3101 defines "indecent contact" as: "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." See also Commonwealth v.

- 7 -

Fisher, 47 A.3d 155, 158 (Pa. Super. 2012) ("The language of the statutory section defining indecent contact includes both 'sexual' and 'other intimate parts' as possible erogenous zones for purposes of prosecution.").

Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, see Izurieta, 171 A.3d at 806, the evidence is clearly sufficient to establish indecent contact. Dr. Clark testified that the Child had been touched on her posterior fourchette, which is the area where the labia majora meet, N.T. Trial at 71, 75, which is unambiguously a "sexual or other intimate part[]" of the Child. 18 Pa.C.S. § 3101. Dr. Clark also testified that there was no other possible explanation for the Child's injury, besides sexual abuse, as it would not have occurred from an everyday activity, such as the Child scratching herself, N.T. Trial at 72, 75, thereby establishing that the Child had been touched "for the purpose of arousing or gratifying sexual desire[.]" 18 Pa.C.S. § 3101. To the extent that Appellant is alleging that he is not the "person" who had this contact with the Child, Appellant's Brief at 11; 18 Pa.C.S. § 3101, this assertion is contradicted by the Child's unequivocal identification of Appellant as the "person" who "took his two fingers" and "touched [her] privates." N.T. Trial at 37-38. Ergo, the evidence admitted at trial was sufficient to establish the element of "indecent contact" as an element of indecent assault.

Next, Appellant challenges the sufficiency of the evidence to establish EWOC, maintaining that the Commonwealth failed to establish that he "had violated any duty of care to the victim." Appellant's Brief at 11. However,

Appellant fails to provide any law or to articulate any reason why he would not have a duty of care towards the Child, beyond his bald assertion. Id. at 11-12. For this reason alone, we could find this claim waived. See, e.g., Commonwealth v. Spotz, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); Commonwealth v. Sullivan, 864 A.2d 1246, 1248-49 (Pa. Super. 2004) (citing Commonwealth v. Mercado, 649 A.2d 946, 954 (Pa. Super. 1994) (failure to provide support for an issue may result in waiver of the claim)).

Assuming this claim were not waived, we would find that Appellant had a duty of care towards the Child, because Appellant is the Child's relative, had picked up the Child from the bus stop, and was babysitting her at his home on the day of the incident. N.T. Trial at 52; Order, 4/4/2019, at 1. Thus, the evidence was sufficient to find that Appellant, who was supervising the Child, had a duty of care towards her at the time of the incident and that, by violating this duty, Appellant committed EWOC.

Finally, Appellant challenges the weight of the evidence. Appellant's Brief at 12.

> When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility. We give great deference to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

Commonwealth v. Roane, 204 A.3d 998, 1001 (Pa. Super. 2019) (internal citations and quotation marks omitted).

Appellant contends that "Dr. Clark testified that the injuries the victim sustained were no more than 48 hours old" and that "the Commonwealth presented no evidence that Appellant was near the victim within the time frame Dr. Clark testified to." Appellant's Brief at 12-13.

This argument is belied by the record. The injury occurred on December 15, 2017. Order, 4/4/2019, at 1. When Dr. Clark examined the Child six days later, she found that the laceration had "no active bleeding at the time." N.T. Trial at 71. In her expert medical opinion, id. at 73, the fact that the laceration "wasn't bleeding" was evidence that the Child's injury "wasn't . . . within the last 24 to 48 hours." Id. at 75. Accordingly, Dr. Clark's unambiguous testimony established the opposite of what Appellant is maintaining – i.e., Dr. Clark concluded that the injury had occurred greater than 48 hours before the examination, not within the last 48 hours, as Appellant claims. Compare id. at 71, 75, with Appellant's Brief at 10. For this reason, we conclude that the trial court did not abuse its discretion when

it denied Appellant's post-sentence motion for a new trial based upon the weight of the evidence. Roane, 204 A.3d at 1001.

Based on the foregoing, Appellant is not entitled to relief on any of his claims. Hence, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2019