J-S14037-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| COLE DAVID WALSH | : |
| | : |
| Appellant | : No. 1545 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 9, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005814-2023

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: JUNE 4, 2026**

Appellant, Cole David Walsh, appeals from the aggregate judgment of sentence of 12 to 24 years of incarceration followed by three years of probation after a jury found him guilty of aggravated indecent assault of a child and related offenses.  On appeal, Appellant challenges both the sufficiency and weight of the evidence.  We affirm.

The record reflects that Appellant's wife's goddaughter, N.S., accused Appellant of sexually assaulting her when she was starting the sixth grade.  *See* Information, 12/4/23, at 1-2; N.T., Trial 2/3-5/25, at 120-132.  On September 28, 2023, the Commonwealth charged Appellant with one count of aggravated indecent assault of a child,[1] one count of aggravated indecent

_____

[1] 18 Pa.C.S. § 3125(b).

assault of a complainant less than 13 years old,[2] two counts of indecent assault of a complainant less than 13 years old,[3] and two counts of corruption of minors.[4]  *See* Information, 12/4/23, at 1-2.  On February 3, 2025, this matter proceeded to a jury trial, and at the conclusion of the trial, the jury found Appellant guilty of all charges.  *See* N.T., Trial 2/3-5/25, at 352-53.  As stated, the trial court sentenced Appellant to an aggregate term of 12 to 24 years of incarceration followed by three years of probation.  *See* N.T., Sentencing, 7/9/25, at 18-29.  Appellant filed a timely post-sentence motion requesting a new trial, claiming the verdict was against the weight of the evidence.  Post-Sentence Motion, 7/15/25, at 2-3 (unnumbered).  The trial court denied Appellant's post-sentence motion on October 23, 2025, and Appellant filed this timely appeal.  Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Whether the evidence was insufficient to support the verdict?

2. Whether the trial court abused its discretion in denying the post-sentence motion for a new trial based on the weight of the evidence?

Appellant's Brief at 4.

---

[2] 18 Pa.C.S. § 3125(a)(7).

[3] 18 Pa.C.S. § 3126(a)(7)

[4] 18 Pa.C.S. §§ 6301(a)(1)(i) and (ii).

## Sufficiency of the Evidence

In his first issue, Appellant challenges the sufficiency of the evidence.

Our scope and standard of review are as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all of the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and weight of the evidence produced, is free to believe all, part or none of the evidence.

Although the finder of fact may make reasonable inferences from the testimony presented, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the fact-finder of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review. Finally, because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Spence*, 290 A.3d 301, 309 (Pa. Super. 2023) (internal citations omitted and formatting altered). Furthermore, "[t]he uncorroborated testimony of a sexual assault victim, if believed by the trier of

- 3 -

fact, is sufficient to convict a defendant." ***Commonwealth v. Izurieta***, 171 A.3d 803, 807 (Pa. Super. 2017).

Here, N.S. gave specific testimony that Appellant would take off all of his clothes except for his underwear, and he would lay next to her and place his hands on N.S.'s genital area. N.T., Trial, 2/3-5/25, at 122-135. N.S. testified that Appellant moved his hand under her clothing and touched the outside of her vagina and her clitoris, and he also touched her breasts, buttocks, and legs, under and over her clothing. ***Id.*** Victim testified that these repeated assaults occurred in multiple rooms in the house Appellant then shared with N.S.'s godmother. ***Id.*** at 116, 120-131. N.S. testified that these assaults took place at night, and she was only 11 or 12 years old when these assaults occurred. ***Id.*** at 122-27. N.S. also testified that Appellant gave her alcoholic beverages on multiple occasions. ***Id.*** at 134-35. The alcoholic drinks were in Mason jars or they were bottles of Mikes Hard Lemonade, and Appellant forced her to consume the drinks. ***Id.*** If she did not, he would grab her and tell her to finish the drink before she got up. ***Id.*** at 135.

Appellant acknowledges the aforementioned standards. ***See*** Appellant's Brief at 9. However, Appellant's argument focuses on the assertion that the jury cannot base a conviction on conjecture and speculation. ***Id.*** (quoting ***Spence***, 290 A.3d at 309). Appellant argues:

> In ***Commonwealth v. Karkaria***, the Pennsylvania Supreme Court explained that there is an exception to the general rule that the jury is the sole arbiter of the facts.[FN49] Generally, challenges

to the verdict based on inconsistent testimony implicate the weight, not the sufficiency, of the evidence.[FN50] However, our Supreme Court has recognized "an exception to the general rule that the jury is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture."[FN51]

[FN49] *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993).

[FN50] *Commonwealth v. Smith*, 181 A.3d 1168, 1186 (Pa. Super. 2018).

[FN51] *Karkaria*, 625 A.2d at 1170.

*Id.* at 17.

In *Karkaria*, the defendant was charged with forcible rape of his stepsister, and the Commonwealth's case-in-chief rested on the testimony of the complainant. *Karkaria*, 625 A.2d at 1168. However, the complainant's testimony contradicted earlier statements she made during the investigation, and "the record [was] riddled with critical inconsistencies." *Id.* at 1171. The complainant "offered one scenario, and one scenario only, for each one of the 300 or more alleged incidents of sexual assault[]" where she insisted that the assaults occurred only when her stepbrother babysat her, but she then admitted that he did not babysit during the dates in the indictment. *Id.* at 1171. On appeal, our Supreme Court concluded that the evidence was "so unreliable and contradictory that it is incapable of supporting a verdict of guilty, and thus, is insufficient as a matter of law." *Id.* at 1172.

We first note that *Karkaria* is an outlier regarding appellate review of challenges to the sufficiency of the evidence. In *Commonwealth v. Brown*, 52 A.3d 1139 (Pa. 2012), our Supreme Court explained that *Karkaria* and

- 5 -

similar cases are "exceptional instances ... where the evidence is so patently unreliable that the jury was forced to engage in surmise and conjecture in arriving at a verdict based upon that evidence." **Brown**, 52 A.3d at 1165. Furthermore, the **Brown** Court declined to apply **Karkaria**, concluding that "questions regarding the reliability of the evidence received at trial [are] within the province of the finder-of-fact to resolve, and our Court will not, on sufficiency review, disturb the finder-of-fact's resolution ...." **Id.**

Here, Appellant points to the following inconsistencies in N.S.'s testimony to support his argument that the evidence was insufficient pursuant to **Karkaria**: N.S. contradicted herself about how many times the assaults occurred because she used the phrase "one time;" N.S. told the interviewer at the York County Children's Advocacy Center that Appellant fondled her breasts during the day, but at trial, N.S., said that this occurred at night; during her interview at the York County Children's Advocacy Center, N.S. denied that Appellant forced her to drink alcohol, but at trial, she testified that Appellant did force her to drink; and N.S. told the interviewer that Appellant gave her Mike's Hard Lemonade, but at trial she testified that Appellant provided her other types of alcohol in Mason jars. Appellant's Brief at 10-15.

The case at bar is distinguishable from the exceptional circumstances presented in **Karkaria**, as the inconsistencies noted by Appellant were explained at trial. **See** N.T., Trial, 2/3-5/25, at 151-161. On cross-

examination, N.S., who was only 15 years old at the time of trial,[5] offered rehabilitative explanations for the challenged portions of her testimony. Regarding the number of times that Appellant assaulted her, N.S. distinguished between the single sexual assault that occurred in the living room and the totality of the sexual abuse that occurred repeatedly throughout the house, clarifying that her prior statement wherein she said "one time" was location-specific. *Id.* at 155. As to the inconsistency identified in the forensic interview report regarding the time of day that assaults occurred, N.S. explained that she lacked independent recollection of her prior statement, while maintaining at trial that the assaults occurred during nighttime hours. *Id.* at 151. With respect to the belated disclosure of forced alcohol consumption and identification of the brands of alcoholic beverages, N.S. testified that her omission was due to a desire to protect the harmony of her godmother's household, and she attributed the inconsistency in her description of the beverages to mere nervousness. *Id.* at 160-61. On re-direct examination, N.S. further explained her nervousness and anxiousness in providing her statement at the York County Children's Advocacy Center and upon seeing Appellant at trial. *Id.* at 169-170. Finally, on re-cross examination, the following exchange took place:

> [Appellant's counsel] Q. You would agree that it's not okay to lie just because you're nervous, right?
>
> [N.S.] A. Yes.

---

[5] N.T., Trial, 2/3-5/25, at 142.

[Appellant's counsel] Q. But you've testified to different things and made different statements about what happened?

[N.S.] A. I wasn't lying.

*Id.* at 172.

After review, we conclude that Appellant's challenge to the sufficiency of the evidence based on the limited holding in *Karkaria* fails. N.S.'s detailed and specific testimony separates this case from the "disturbingly vague" testimony discounted by the *Karkaria* Court. *Karkaria*, 625 A.2d at 1171. Further, the evidence here was not so contradictory as to render the jury's verdict the product of mere surmise or conjecture. Although N.S.'s testimony was at times inconsistent, these inconsistencies were explained and were for the jury to resolve. *See Brown*, 52 A.3d at 1165 (stating that questions regarding the reliability of the evidence are ordinarily for the finder-of-fact to resolve, and on reviewing the sufficiency of the evidence, the reviewing court will not disturb the finder-of-fact's resolution); *Commonwealth v. Juray*, 275 A.3d 1037, 1046 (Pa. Super. 2022) (explaining "the inconsistencies in the testimonial evidence about which Appellant argues were for the jury to resolve and do not dictate a finding the evidence was not sufficient for conviction"). Ultimately, Appellant's argument challenges N.S.'s credibility, which presents a challenge to the weight of the evidence, and a "challenge to the sufficiency of the evidence must fail where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence." *Juray*, 275 A.3d at 1043

(citation omitted). For these reasons, Appellant is entitled to no relief on his challenge to the sufficiency of the evidence.

**Weight of the Evidence**

In his second issue, Appellant argues that the trial court abused its discretion when it denied his post-sentence motion for a new trial based on the weight of the evidence.[6] Appellant's Brief at 21. In reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted). Moreover,

> [t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to

_____

[6] Appellant properly preserved this issue for appellate review. *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018) ("[a] challenge to the weight of the evidence must be preserved either in a timely post-sentence motion, a written motion before sentencing, or orally prior to sentencing") (citing Pa.R.Crim.P. 607(A)(1)-(3)). As stated above, Appellant filed a timely post-sentence motion requesting a new trial based on the weight of the evidence. *See* Post-Sentence Motion, 7/15/25, at 2-3 (unnumbered).

determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

**Spence**, 290 A.3d at 311 (citations omitted and formatting altered).

The trial court addressed Appellant's challenge to the weight of the evidence as follows:

Now moving to the heart of [Appellant's] claim that the jury's verdict "shocks one's sense of justice," we disagree. [Appellant] highlighted for the jury several aspects of [N.S.'s] testimony which were inconsistent with prior statements she had made. We do not dispute that such inconsistencies exist. [Appellant] cites to the inconsistencies in his concise statement. However, [Appellant's] argument ignores that the Commonwealth called Amber Crawford-Wagman, the Executive Director of Turning Point Counseling and Advocacy Center as an expert witness in the area of sexual violence and its effects on victims.

Crawford-Wagman testified regarding her experience with delayed disclosure of sexual abuse, victims of sexual [abuse] not fighting back, and others behavior she characterized as counterintuitive behaviors. Most relevant to the issues raised here, Crawford-Wagman testified that victims may not remember "important aspects of the event." N.T. [Trial, 2/3-5/25, at] 252. As victims

- 10 -

begin to disclose the events of their trauma, Crawford-Wagman says, "Pieces can pop back in" to the victim's memory. *Id.* at 252. Thus, the Commonwealth provided the jury an unrebutted explanation as to why a victim's testimony can be inconsistent from one disclosure to another.

As outlined above, the question before this court is not whether we would have reached the same conclusion as the jury, but whether the jury's verdict is so contrary to the evidence as to shock our conscience or our sense of justice. Having heard and observed the witnesses' testimony at trial and understanding a jury can choose to believe all, some, or none of any witness's testimony[,] our sense of justice is not harmed by the jury's verdict in this matter.

Trial Court Opinion (TCO), 12/4/25, at 2-3 (some formatting altered).

It is undisputed that there were inconsistencies between N.S.'s testimony at trial and statements she made prior to trial. However, as discussed in our disposition of Appellant's first issue, when questioned about the inconsistencies, N.S. provided explanations and clarifications for the discrepancies to the jury, and she unequivocally testified that she was telling the truth. *See* N.T., Trial, 2/3-5/25, at 151-161, 169-170, 172. Additionally, the trial court cited the testimony from Amber Crawford-Wagman, who testified as an expert witness in the area of sexual violence and its effect on victims and explained the reasons for inconsistencies and variations in statements from victims of sexual abuse. TCO at 2-3. As stated, the trial court concluded that the verdict was not so contrary to the evidence as to shock the conscience. *Id.* at 3. In light of the record before us, and pursuant to the applicable standard of review, we discern no abuse of discretion in the trial court denying Appellant's post-sentence motion for a new trial based on

the weight of the evidence. **Windslowe**, 158 A.3d at 712; **Spence**, 290 A.3d at 311. Accordingly, Appellant's challenge to the weight of the evidence fails.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/4/2026